## LUTHER STEWART *vs.* LYMAN S. CLARK.

The provision in Rev. Sts. *c.* 59, § 28, that no conveyance of an estate in fee or for life, nor any lease for more than seven years, "shall be valid and effectual against any other person than the grantor, his heirs, &c. unless it be made by deed recorded," does not dispense with the necessity of a deed, in order to pass an estate for life, even as against the grantor and his heirs.

ACTION OF WASTE. The plaintiff's declaration alleged that the defendant held a certain messuage (described) in Colerain, as tenant for life ; that the plaintiff held the next immediate estate of inheritance therein ; and that the defendant "did make waste, sale and destruction in the said messuage," (setting forth the acts of waste,) to the damage of the plaintiff. The trial was before *Wilde*, J. who made the following report thereof :

The plaintiff gave in evidence a lease of the messuage described in his declaration, made by Lewis Clark to Willard Clark, for and during the life of Enos Stewart, and an assignment of said lease, by said Willard, to the defendant. The plaintiff then offered a paper, dated July 1st 1839, purporting to be a lease of the same messuage, made by said Enos Stewart to the said Lewis Clark. This paper was signed by said Enos Stewart in the presence of two subscribing witnesses, and was recorded in the registry of deeds ; but it was not acknowledged by him, nor was any seal affixed thereto. The defendant objected to said paper as evidence of a freehold interest in him, on the ground that it was not under seal. And he further objected to its reception, because it was not acknowledged. The judge rejected the paper, and the plaintiff submitted to a nonsuit, subject to the opinion of the whole court.

*Aiken*, for the plaintiff. The Rev. Sts. *c.* 105, § 1, give an action of waste, against any "tenant for life or years," to "the person having the next immediate estate of inheritance" in the premises on which waste is committed or suffered. The ground taken by the defendant will be now

as it was at the trial, that he is not shown to be tenant for life, as he is alleged to be in the declaration; because the Rev. Sts. *c.* 59, require a deed, and an acknowledgment thereof, to convey an estate for life, or for more than seven years. But under § 28 of that chapter, the paper in question may be operative, as a writing, against the grantor and his heirs, and convey a life estate.

*R. A. Chapman,* for the defendant.

DEWEY, J. The objection taken to the instrument offered as a conveyance of a freehold interest to Lewis Clark is sound, and must prevail. The instrument is not under seal; is not a deed. As a valid conveyance of a life estate, it should be under seal. Rev. Sts. *c.* 59, § 1. The further provision of § 28, that "no bargain and sale, or other like conveyance of any estate in fee simple, fee tail, or for life, and no lease, for more than seven years from the making thereof, shall be valid and effectual, against any other person than the grantor and his heirs and devisees, and persons having actual notice thereof, unless it be made by a deed recorded," does not dispense with the necessity of passing such title by deed. *Nonsuit confirmed.*